**Opinion filed June 23, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00264-CR

_____

## JAVIER NAVARRETE, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR33894**

### M E M O R A N D U M   O P I N I O N

The jury convicted Javier Navarrete of the offense of indecency with a child and assessed punishment at confinement for seventeen years and a fine of $10,000. We affirm.

In his sole issue on appeal, appellant contends that the evidence is legally and factually insufficient to establish that he committed the offense of indecency with a child. We note at the outset of our analysis that the Texas Court of Criminal Appeals has now held in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), that there is "no meaningful distinction between the

*Jackson v. Virginia*[1] legal-sufficiency standard and the *Clewis*[2] factual-sufficiency standard"; that the *Jackson v. Virginia* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt"; and that "[a]ll other cases to the contrary, including *Clewis*, are overruled." *Brooks*, 323 S.W.3d at 895, 902, 912 (footnotes added). Accordingly, a challenge to the factual sufficiency of the evidence is no longer viable. We also note that appellant did not have the benefit of the opinion in *Brooks* when this case was briefed. We will review appellant's factual sufficiency challenge under the legal sufficiency standard set forth in *Jackson v. Virginia*. Under this standard, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307; *Brooks*, 323 S.W.3d at 899.

Appellant was indicted for the offense of aggravated sexual assault of a child for penetrating the female sexual organ of the victim with his finger. The jury acquitted appellant of that offense but found that he was guilty of the lesser included offense of indecency with a child for engaging in sexual contact with the victim by touching her genitals. *See* TEX. PENAL CODE ANN. § 21.11 (Vernon 2011). Section 21.11(a)(1) provides that a person commits the offense of indecency with a child if he engages in sexual contact with the child. Sexual contact includes any touching of any part of the genitals of a child – if done with the intent to arouse or gratify the sexual desire of any person. Section 21.11(c).

At the time of the offense, the victim in this case was eight years old. At trial, the victim was twelve. The victim testified that appellant, her grandfather, used to live with the victim and the victim's family. When appellant was there, he slept in the victim's bed and the victim slept on a pallet or on the couch. The victim testified that she woke up one night and was no longer on the couch but was lying in bed with appellant. She woke up because she "felt something in [her] private part." The victim testified that appellant was touching her inside her private part under her clothes with his hand.

The victim's mother, who was the outcry witness, testified that she had caught appellant masturbating near the victim while the victim was asleep. The victim's mother also testified that

[1]*Jackson v. Virginia*, 443 U.S. 307 (1979).

[2]*Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).

she had found the victim in bed with appellant when the victim was supposed to be sleeping on a pallet on the floor. The victim's mother also related the outcry that was made to her by the victim. The mother testified that the victim had told her that appellant touched her "cosita" under her underwear with his hand. The victim and her mother explained that "cosita" was the term that they used to refer to the female private part.

Appellant testified at trial and denied ever touching the victim inappropriately. The jury, as the trier of fact, was the sole judge of the credibility of the witnesses and of the weight to be given to their testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979). As such, the jury was free to believe or disbelieve all or any part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). The jury was free to believe the testimony of the victim and her mother and to disbelieve appellant's testimony.

After reviewing all of the evidence presented at trial, we hold that a rational jury could have found beyond a reasonable doubt that appellant engaged in sexual contact with the victim. Thus, the evidence is sufficient to support appellant's conviction for indecency with a child. Appellant's issue is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


June 23, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[3] consists of: Wright, C.J.,
McCall, J., and Hill, J.[4]

---

[3]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[4]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.